■ 208 EAST 30TH STREET CORP., Respondent-Appellant, v TOWN OF NORTH SALEM, Appellant-Respondent. — In an action, *inter alia,* for a declaratory judgment and damages, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), entered February 3, 1981, as, after a nonjury trial, declared that the zoning ordinance of the Town of North Salem in existence on the date of the judgment "is illegal, invalid and unconstitutional on the grounds that the defendant, THE TOWN OF NORTH SALEM, in enacting its Zoning Ordinance, has failed to meet its share of the regional housing needs and the housing needs of its own community", directed the town to "adopt a Zoning Ordinance which includes one or more zoning classifications wherein the construction of multi-family housing is allowed as of right", directed the town to place plaintiff's property in a zone which permits the construction of multifamily housing, provided that the court would retain jurisdiction over the parties in order to ascertain the validity of any zoning ordinance enacted pursuant to the judgment, and granted plaintiff discretionary costs, pursuant to CPLR 8303. Plaintiff cross-appeals from so much of· the same judgment as dismissed its causes of action for monetary damages. Appeal by defendant dismissed as moot, without costs or disbursements, except as to the provision which awards costs pursuant to CPLR 8303. Judgment otherwise affirmed insofar as appealed from, without costs or disbursements. In March, 1978, plaintiff purchased 13.615 acres of land in the Town of North Salem. The parcel was zoned in the Residence B-1 district, where multiple dwellings restricted to elderly persons are permitted, subject to the securing of a special permit. Plaintiff applied for a change in zoning to a Residence A-2 district, where multiple dwellings, not restricted to elderly persons, are permitted, also subject to securing a special permit. Its application for rezoning was denied by the town board on September 14, 1978. Thereafter, plaintiff commenced the instant action, *inter alia,* to declare the zoning ordinance of the Town of North Salem unconstitutional in its entirety, as well as applied to plaintiff's property, because "it does not provide an array of housing which adequately meets the present housing needs of the Town of North Salem". Plaintiff also demanded $250,000 in damages for the alleged willful violation of its constitutional rights. After a nonjury trial, Special Term, *inter alia,* held that "the Town has failed to meet its share of the regional housing needs and the needs of its own community", declared the Zoning Ordinance of the Town of North Salem "illegal, invalid and unconstitu-

852

tional", directed the town to amend its zoning ordinance to permit multifamily housing "as of right", and ordered the town to rezone plaintiff's land. However, plaintiff's causes of action for damages were dismissed on the merits. Special Term retained jurisdiction over the parties to insure that any amended zoning ordinance would comply with the judgment. The parties have cross-appealed. On or about May 18, 1981, the town submitted a proposed amended zoning ordinance to Special Term, and, thereafter, moved for a judgment declaring that the proposed amended zoning ordinance complied with the judgment appealed from. On September 3, 1981, Special Term ordered the town to include in the area to be rezoned for multifamily residential housing an additional strip of land belonging to plaintiff, and declared that the amended zoning ordinance would, as so amended, comply with the judgment appealed from herein. On December 8, 1981, the town board passed the amended zoning ordinance by majority vote. Thereafter, on January 7, 1982, Special Term held that those amendments, except for the provisions with respect to Salem Center, were validly enacted by a simple majority, and directed the town to publish the amendments except for the provisions with respect to Salem Center. Special Term further held that "the new zoning scheme, even absent the Salem Center location, sufficiently complies with" the judgment which is the subject of the instant appeal. The determination of January 7, 1982 has been affirmed by this court (see *208 East 30th St. Corp. v Town of North Salem,* 88 AD2d 281). The adoption of these amendments rendered the question of the validity of the superseded zoning ordinance academic (see *903 Park Ave. Corp. v City Rent Agency,* 31 NY2d 330, 333). Further, since the town has amended its zoning ordinance in compliance with the judgment appealed from, the question of whether Special Term acted properly when it ordered the town to rezone plaintiff's property, and otherwise amend its zoning ordinance, is also academic. Turning to the remaining provisions of the judgment appealed from, we conclude that, under the circumstances of this case, the award of discretionary costs pursuant to CPLR 8303 was not an abuse of discretion. However, plaintiff is not entitled to damages and attorney's fees. Plaintiff has not established a violation of its personal constitutional rights (cf. US Code, tit 42, § 1983). It has merely asserted the rights of individuals who may have been excluded from the community as a result of a dearth of multifamily housing (see *Berenson v Town of New Castle,* 38 NY2d 102). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.