■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v TOWN OF RED HOOK et al., Respondents, and MID-HUDSON NUCLEAR OPPONENTS, INC., et al., Intervenors-Respondents. — In an action for a declaratory judgment and injunctive relief, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated December 7, 1981, as, upon granting its motion for summary judgment declaring invalid certain provisions of Local Law No. 2 of 1978 of the Town of Red Hook, held that the Town of Red Hook legally exercised its rights in adopting Local Law No. 2 and upheld the remaining provisions. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements. At issue here is the validity of Red Hook's Local Law No. 2 of 1978, known as the "Power Plant Study Law of the Town of Red Hook", the stated legislative purpose of which is the regulation of "Site Studies and related activities for the location, construction, erection of power plant facilities and structures within the Town of Red Hook". Plaintiff seeks a declaration that said local law is invalid, and to enjoin its enforcement, on the grounds, *inter alia,* that its provisions have no rational relation to its stated legislative purpose, and that the regulation of power plants, and site studies to determine the feasibility of constructing power plants at particular locations, has been pre-empted by the enactment of article 8 of the Public Service Law. Special Term declared that the provisions which purportedly regulated site studies were valid, but struck those provisions of the local law which constituted regulation of the construction of the power plants themselves. The State Constitution specifies that "every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law" relating to "[t]he government, protection, order, conduct, safety, health and well-being of persons or property therein" but the Legislature may "restrict the adoption of such a local law relating to other than the property, affairs or government of such local government" (NY Const, art IX, § 2, subd [c], par [ii], cl [10]). Thus, a local government may be precluded from regulating the "same subject matter" regulated by State legislation (see *People v De Jesus,* 54 NY2d 465, 469; *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 350-351). Pursuant to article 8 of the Public Service Law, the Legislature created a "New York state board on electric generation siting and the environment" (see Public Service Law, § 140, subd 4) "to provide for the expeditious resolution of all matters concerning the location of major steam electric generating facilities * * * in a single proceeding * * * to which access will be open to citizens, groups, municipalities and other public agencies to enable them to participate in these decisions" (see L 1972, ch 385, § 1; *Koch v Dyson,* 85 AD2d 346, 358). Section 149-a of the Public Service Law precludes a municipality from imposing any condition "for the construction or operation of a major steam electric generating facility with respect to which an application for a certificate hereunder has been filed * * * provided * * * such municipality has received notice of the filing of the application therefor." The application must contain certain information, including the results of comprehensive site studies (see Public Service Law, § 142). However, the regulatory scheme of article 8 only comes into play once the application is filed. A potential applicant "may consult with, and seek agreement with, the staff of the department [of public service] and the department of environmental conservation as to any study or program of studies made or to be made to support such application" (see Public Service

Law, § 141-a, subd 1), but is not required to do so. Therefore, article 8 of the Public Service Law does not deal with the same subject matter as those provisions of Local Law No. 2 which comport with its stated legislative purpose, the regulation of "Site Studies and related activities for the location, construction, erection of power plant facilities". Justice Jiudice, acting pursuant to section 9 of Local Law No. 2, which provides that the invalidity of a portion of the local law shall not affect the validity of the remainder thereof, struck those portions of the local law which arguably dealt with the same subject matter as article 8 of the Public Service Law, and left standing those portions clearly relating to the regulation of site studies. In our view, Local Law No.. 2, as it now stands, constitutes a valid exercise of the Town of Red Hook's police power, which has not been pre-empted by State legislation (see *Matter of McCabe v Voorhis*, 243 NY 401, 416; *People ex rel. Alpha Portland Cement Co. v Knapp*, 230 NY 48, 60). Plaintiff also contends that Local Law No. 2 (§ 3, subd [F]), which requires the payment of a minimum application fee of $50,000, is invalid, as that amount is not reasonably necessary to the accomplishment of the statutory command (see *Jewish Reconstructionist Synagogue of North Shore v Incorporated Vil. of Roslyn Harbor*, 40 NY2d 158, 163; *Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe*, 49 AD2d 461). This subdivision has since been amended to provide that the application fee shall be deposited in an interest-bearing account, and "[a]ny monies not expended by the Town of Red Hook under the provisions of Local Law Number 2 of the year 1978, shall be returned to the applicant together with any interest earned on the monies so deposited" (see Local Laws, 1982, No 1, of Town of Red Hook). Therefore, this contention is now academic (see *902 Park Ave. Corp. v City Rent Agency*, 31 NY2d 330, 333; *208 East 30th St. Corp. v Town of North Salem*, 89 AD2d 851). Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.